**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAHID MANSARAY, | No.   19-70130 |
| Petitioner, | Agency No. A216-272-760 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2020
Pasadena, California

Before:  BERZON and COLLINS, Circuit Judges, and KATZMANN,[**] Judge.

Petitioner Wahid Mansaray seeks review of the Board of Immigration

Appeals' ("BIA") dismissal of appeal of his applications for asylum, withholding

of removal, and protection under the Convention Against Torture.  While

Mansaray sought relief on a variety of grounds, the BIA rested on the Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Judge's ("IJ") adverse credibility determination and did not reach the merits of Mansaray's applications. We grant his petition for review and remand for further proceedings.

1. The BIA's finding of an inconsistency in Mansaray's testimony in support of his applications was not supported by substantial evidence. The BIA stated that Mansaray's testimony, at the hearing, that the "Poro Secret Society" ("PSS") "attacked him because he refused to join their group was in direct contrast" with his earlier "sworn statement" summarizing his interview before an immigration officer, in which he stated that he was attacked because the group was opposed to his "Limba" tribe. The asserted "direct contrast" is not supported by substantial evidence, because the record discloses that the immigration officer's *own* account of the very same interview confirmed that Mansaray had in fact stated that he had been attacked because he did not want to join that group:

> "Subject stated he came to the United States because he wants to seek asylum. He stated that he was severely beaten by a group called Poro Secret Society in [Freetown], Sierra Leone. Subject stated that he is part of the Limba tribe and does not wish to join the Poro secret Society, so men from Poro came to his home and beat him really bad, leaving him hard of hearing. Subject stated that he feared for his life and did not want to join Poro, he just wanted to work and continue his studies in Medicine."

Moreover, the immigration officer's account does not mention or suggest that Mansaray was claiming that he was targeted by anti-Limba violence, which further vitiates the BIA's statement that it found "unpersuasive" Mansaray's testimony

2

that the sworn statement's comment about the Limba tribe reflected a misinterpretation of what he had said during the interview. Mansaray otherwise testified consistently with the immigration officer's summary, providing the same explanation in his credible fear interview (which occurred shortly after his arrival), his asylum application, and his hearing testimony as to why he was targeted.

The BIA did not adequately address the purported inconsistency in light of Mansaray's explanation and the record as a whole. In evaluating inconsistencies underlying an adverse credibility determination, the BIA should consider the petitioner's explanation for an inconsistency and other record evidence "that sheds light on whether there is in fact an inconsistency at all." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). The BIA may not ignore an explanation and relevant record evidence because the REAL ID Act requires a determination based on the totality of the circumstances. *Id.*; *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014); *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If the alien offers a reasonable and plausible explanation for the apparent discrepancy, the IJ must provide a specific and cogent reason for rejecting it." (internal quotation marks omitted) (quoting *Solo-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009))). Because the BIA did not consider the evidence in the record that detracts from its conclusion that the single phrase in the sworn statement undermined

19-70130

Mansaray's explanation as to why he was targeted, its conclusion was not based on the totality of the circumstances, as required. *See Shrestha*, 590 F.3d at 1044.

2.      The BIA's finding of implausibility in Mansaray's testimony was also unsupported by substantial evidence. First, the BIA pointed to the fact that Mansaray testified that both he and his father were Limba converts to Christianity, but that "his father was not recruited or harmed by the PSS or his Limba family." Second, the BIA doubted that "his uncle was able to stop the December 20, 2015, attack by five or six PSS members who were wielding iron weapons and a knife."

To conclude that there is no explanation for a discrepancy between the treatment of a man thirty years older than Mansaray and Mansaray himself is speculation. Record evidence indicates that the PSS usually targets younger males for forced initiation and that the activities of secret societies in general had increased compared to their earlier operations in Freetown, Sierra Leone, the place of Mansaray's attack. The BIA cannot base its decision on "speculation and conjecture." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015).

Moreover, Mansaray's own testimony to the IJ indicates that his uncle, at least in part, intervened during the attack by paying the attackers. The IJ completely overlooked this aspect of Mansaray's testimony and therefore erroneously stated that he "could not explain" how he escaped the attack. That oversight, which the BIA repeated, invalidates the BIA's conclusion that it was

19-70130

simply "implausible" that the uncle could have stopped the attack by himself. The BIA also failed to point to any record evidence that would support its conclusion. Thus, its determination was not based on the totality of the circumstances or substantial evidence. *See Shrestha*, 590 F.3d at 1044.

3.    Finally, the BIA doubted the reliability of the medical report that Mansaray offered to corroborate his attack. The document's text gave the date of admission to the hospital as the day of Mansaray's attack and stated that Mansaray was treated for a week. The only discrepancy the BIA noted was the date appearing in the upper righthand corner of the document, which the BIA assumed was supposed to be the date the report was written but was instead the day of Mansaray's admission to the hospital. That the author of the document dated it with the date of admission is a "basis for questioning these documents [that] amounts to nothing more than a subjective view of what these documents would look like. Our substantial evidence standard requires more for an adverse credibility finding." *See Wang v. INS*, 352 F.3d 1250, 1255 (9th Cir. 2003) (internal quotation marks, citation, and alterations omitted). Nor did the BIA explain why a dating error in the document, if there was one, affected its evaluation of Mansaray's *own* credibility. Thus, this basis for affirming the IJ's credibility determination was also not based on substantial evidence.

Because none of the BIA's stated reasons for affirming the IJ's adverse credibility determination were supported by substantial evidence, we cannot sustain its decision to dismiss the appeal. Because the Government's answering brief did not request a remand to permit the BIA to address any other grounds for questioning Mansaray's credibility, and because all of the grounds on which the BIA relied are unsupported, we remand the matter with instructions to deem Mansaray's testimony to be credible. The BIA did not further address the IJ's decision to deny his applications based on their merits; thus we remand to the BIA for further proceedings consistent with this memorandum. *Rizk*, 629 F.3d at 1087 ("Where the BIA has not made a finding on an essential asylum issue, the proper course of action for a court of appeals is to remand the issue to the BIA for decision." (internal quotation marks and alteration omitted) (quoting *Chen v. Ashcroft*, 362 F.3d 611, 621 (9th Cir. 2004))).

The petition for review is **GRANTED**, and the case is **REMANDED** to the BIA for further proceedings.

19-70130